UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grace F. Aderinto, | ) C/A No.  3:08-01670-JFA-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| Senator Hillary Rodham Clinton; George W. Bush | ) |
| (President of the United States of America); Citicorp | ) |
| Credit Services; AT&T Corporation, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Grace F. Aderinto (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C.

§ 1915.  Under established local procedure in this judicial district, a careful review has been made

of this *pro se* complaint pursuant to the procedural provisions of § 1915, and in light of the following

precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97

(1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429

U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes*

*v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even when considered under this less stringent standard,

however, the undersigned finds that this *pro se* complaint is subject to summary dismissal.  The

mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

However, the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).



As noted, this complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case *sua sponte* upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992).

### Discussion

Plaintiff initially brought her complaint against Senator Hillary Rodham Clinton and President George W. Bush. Thereafter, plaintiff filed an amended complaint adding Citicorp, and even though a motion for leave to file an amended complaint was not filed or consents obtained pursuant to Rule 15 of the Federal Rules of Civil Procedure, a second amended complaint which added AT&T as a defendant also was added to the docket.  Including the complaint, the two amended complaints, motions and additional attachments filed by the Plaintiff, this case includes more than 100 pages of  assertions and demands that are rambling and barely comprehensible, and as assertions of fact, they cannot be given even momentary credibility.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.]; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required

2



to 'accept as true legal conclusions or unwarranted factual inferences.'"].  For example, a portion

of the original complaint (Docket Entry # 1) states verbatim:

> The Plaintiff has suffered continuous violation of rights to the 1st, 4th and 5th
> Ammendments of the United States of America Constitution, since the honorable
> discharge from the United States Army. . . . The President, George W. Bush
> implemented a spying plan to combat terrorist activities in the home land, but
> defendant Hillary Clinton has unfortunately, taken advantage of the plan and using
> her "divide and conquer" scheme, turned the Plaintiff against the President, based on
> a conversation about the President while the Plaintiff fellowshipped on the phone
> with others. . . . Unfortunately, the President has used the spying means though
> AT&T to monitor the Plaintiff's conversations, while defendant Hillary Clinton has
> used a human-system, which is comparable to a prison, to keep the Plaintiff
> imprisoned and to obstruct the Plaintiff from receiving any form of justice or
> progress.  The Plaintiff's progress has been stunted based also, on the conversation
> on the phone about the Plaintiff's dreams of attaining a similar position as Joseph in
> the Bible attained.  (Joseph who became second in command in Egypt) This
> conversation is a threat to defendant Clinton as no woman nor African American has
> obtained that position before, also, if she does not take the presidential office right
> now, with someone else having similar views as she does, as her vice president, the
> deal of "selling" America over into foreign nation's commonwealth system will not
> be sealed.

(Docket Entry #1 at 6-8.)

In another excerpt from the complaint, Plaintiff states verbatim:

> The Plaintiff has been harrassed all over the United States by Aircraft in an attempt
> to deport her to Nigeria. . . . It is the President's belief that he is pursuing terrorists,
> and unfortunately has employed torture methods of the residential phone line wire
> tapping through AT&T, but defendant Hillary Clinton has been mainly responsible
> for the human-system also known as 'Wiccans", "Masons" and "Volunteers" who
> all also call themselves "Democrats".

(Docket Entry # 1 at 9-10.)

These two excerpts are indicative of the remainder of the statements in the complaint.

Plaintiff has added Citicorp Credit Services Inc. (USA) as a defendant in her first

amended complaint; (Docket Entry # 10); and in a motion to serve the first amended complaint,

Plaintiff alleges that "Citicorp is a cover for Babylon (Spiritual) and is seeking all means to drop out



of this lawsuit."* (Docket Entry # 9.)  In attachments to the first amended complaint, Plaintiff states

that three other cases she has filed in this court (*Aderinto v. Powell*, *et al.*, No. 3:08-00306-JFA-BM

(D.S.C. 2008); *Aderinto v. Tax Payer Advocate, et al.*, No. 3:08-01551-JFA (D.S.C. 2008); and

*Aderinto v. Washington, et al.*, No. 3:08-01576-JFA-BM (D.S.C. 2008)) are related to this case and

that she has explained in *Aderinto v. Washington, et al.*, No. 3:08-1551-JFA-BM (D.S.C. 2008) how

telemetry has been used to harass her.  Plaintiff claims that while she was in the Army, she was

injected with telemetry through a "flu" shot and that "her thoughts were still followed by survailance

[sic]."    (Docket Entry # 11 at 5.)  The first amended complaint does not contain any rational

allegations and should be dismissed as factually frivolous.

In her second amended complaint, Plaintiff adds AT&T as a defendant and alleges

that "the President has used telemetry to control the Plaintiff's mind, body anatomy.  The Plaintiff

has experienced dullness of brain, heaviness in the head, weakness, and has had to use milk to go

to sleep, and coffee to stay awake." (Docket Entry # 13 at 8.)  The second amended complaint does

not contain any rational allegations, and it too should therefore be dismissed as factually frivolous.

As relief, Plaintiff requests verbatim that the Court:

> [O]verule the Executive Order that imprisons her.  The Plaintiff pleads for a writ of
> habeas corpus.  Witnesses such as the Plaintiff's sister and parents have been killed.
> The Plaintiff's reputation has been damaged, loss of work, opportunity to complete
> an education in electrical engineering at the University of Missouri Kansas City, has
> all also been denied the Plaintiff, due to the unfair exposure to public.  For all these
> damages, punitive and actual, the Plaintiff is asking the Bush Administration, which
> includes defendant Hillary Rodham Clinton, the Wiccans, and the Masons, to pay
> back in restitution $14 Billion, plus the amount owed on student loans and other
> debts. . . . Finally, since the President is still in office and defendant Hillary Clinton
> is still a senator, the Plaintiff requests that they be tried under oath - also that the

---

*The lawsuit that Plaintiff alleges defendant Citicorp is attempting to drop out of appears
to be a reference to *Aderinto v. Powell, et al.*, No 3:08-00306-JFA-BM.(D.S.C. 2008).



court order the deportation order be stopped, since Plaintiff is legally a citizen of the United States of America. Also to treat this case as an emergency due to the ongoing primary elections for the presidential candidacy. Defendant Hillary Rodham Clinton is a threat to the United States of America as long as she continues in witchcraft.

(Docket Entry # 1 at 11-12; Docket Entry # 10 at 13-14.)

In the second amended complaint, Plaintiff seeks the relief as outlined above and states verbatim:

Finally, that Citicorp Credit Services (Inc) USA pay $10 million for conspiracy and harrassment towards the Plaintiff, plus the debt amount owed by the Plaintiff. AT&T Corporation also, to pay $10 million for their illegal wire-tapping program plus all debts owed by the Plaintiff. These amounts are asked also for bugging the residential phone line of the Plaintiff.

(Docket Entry # 13 at 14.)

The plaintiff's allegations in her complaint and amended complaints are simply not believable. As the words in *Denton v. Hernandez*, 504 U.S. at 32 suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. Because the Supreme Court has held that a court may dismiss a claim as factually frivolous . . . if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional," *id.* at 32-33, this case should be dismissed under § 1915(e).

Plaintiff has also filed a document titled "Motion for Emergency Temporary Restraining Order to Stop the President, the Bush Administration from Further Obstructing Justice and Witness Tampering in the Cover-up of the Fixing of Presidential Elections." A temporary restraining order (TRO) may be granted under Rule 65(b) only if "it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). In general, the purpose of a TRO is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction.

5



*Granny Goose Foods, Inc. v. Brotherhood. of Teamsters*, 415 U.S. 423 (1974).  A TRO is "not to

exceed ten days," and may be extended by the court only "for a like period."  Fed. R. Civ. P. 65(b).

When the court is faced with determining whether to grant injunctive relief prior to

trial, it must consider four factors:

(1) whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(2) the injury to the defendant if the injunction is issued;

(3) the plaintiff's likelihood of success in the underlying dispute between the parties; and

(4) the public interest.

*Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citations omitted).

However, conducting the analysis of these factors presupposes that the underlying complaint is

viable.  In this case, it is unnecessary to consider these factors because the underlying complaint is

factually frivolous, and, therefore, should never reach trial.  There is no likelihood that the Plaintiff

will prevail on the underlying dispute.  Because there should be no hearing on the underlying

complaint, there is no need for a TRO to preserve the status quo for 10 days.  Therefore, Plaintiff's

Motion for Emergency and Temporary Restraining Order to Stop the President, the Bush

Administration from Further Obstructing Justice and Witness Tampering in the Cover-up of the

Fixing of Presidential Elections should be denied.

## Recommendation

Based on the foregoing,  it is recommended that the Court deny Plaintiff's Motion

6



for Emergency and Temporary Restraining Order and dismiss the complaint in the above captioned

case *without prejudice* and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the next page.**

Bristow Marchant
United States Magistrate Judge

May 8 , 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

