I3.N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto, | ) | C/A No.:  3:08-1670-JFA-BM |
| | ) | |
|            Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Senator Hillary Rodham Clinton; | ) | **ORDER** |
| George W. Bush (President of the United | ) | |
| States of America); Citicorp Credit | ) | |
| Services; AT&T Corporation, | ) | |
| | ) | |
|            Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Grace F. Aderinto, brings this action asserting claims against Senator Hillary Rodham Clinton, President George W. Bush, Citicorp Credit Services and AT&T Corporation.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests summary dismissal of the case without prejudice and without issuance and service of process because plaintiff's allegations are factually frivolous under 28 U.S.C. § 1915(e).  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on May 8, 2008.  She timely filed objections to the Report on May 16, 2008 [dkt. # 30].  In her objections to the Report, the plaintiff merely raises the same issues already addressed by the Magistrate Judge and make other incoherent allegations that do not require response by the court.[2]

Subsequent to the filing of the Report and Recommendation, the plaintiff also filed a motion for leave to file a third amended complaint on May 15, 2008 [dkt. # 29], a third amended complaint on May 19, 2008 [dkt. # 32], a motion for leave to proceed in forma pauperis on May 19, 2008 [dkt. #33], a "Motion to Judge Plaintiff's Actions, Spoken Word, Written Word and Not Thoughts" filed on May 19, 2008 [dkt. #34], a "Motion to Court to Refer to Memorandum on Jurisdiction and Why the Plaintiff is not Seeking the Death Penalty, nor Imprisonment for all Defendants" [dkt. #35], a Notice of Memorandum on Prison Reform [dkt. #36], a Notice of Memorandum on God's Will and Dreams [dkt. #37], and various other additional attachments.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate

---

[2] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 *(4th Cir. 1982).   In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process. Plaintiff's motion to proceed in forma pauperis is denied, and plaintiff's remaining motions are deemed moot. The clerk is instructed to close this case.

IT IS SO ORDERED.

June 11, 2008                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge